MGD

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marzet Farris, III,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>Ryan Thornell, et al.,<br><br>　　　　　　Respondents. | No.   CV-23-08002-PCT-JAT (JFM)<br><br>**ORDER** |

Petitioner Marzet Farris, III has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Before the Court is Petitioner's "Motion Requiring Respondents Furnish Associated Case Law for All Citations Incorporated Within Any Respondent Filing," which the Court construes as a Motion for Preliminary Injunction. (Doc. 6.) The Court will deny Petitioner's Motion without prejudice.

**I.　Motion**

In his Motion for Preliminary Injunction, Petitioner seeks an order requiring Respondents' counsel to attach copies of all caselaw cited by Respondents in their filings in this matter. (Doc. 6.) Alternatively, Petitioner asks the Court to order "Respondent's agents" at Arizona State Prison Complex-Yuma, Cheyenne Unit, to provide him with access to Lexis Nexis and Westlaw databases or order the librarians at Petitioner's prison complex to provide Petitioner with copies of all decisions cited in Respondents' filings. (*Id*. at 4.) Petitioner argues that not granting this relief "would only serve to impede [him]

from properly addressing his claims or perfecting a proper pleading . . . while equally prejudicing his standing and integrity before this Court" and "would almost certainly hamper [the Court's] own procedural and functional effectiveness in its pursuit of the interests of justice." (*Id.*)

Respondents argue the Court should deny the Motion because Petitioner fails to demonstrate any prejudice, does not allege he requested or has been denied, access to caselaw or other legal materials from the prison law library, and he does not argue that the prison's law library is inadequate to allow him to fully reply to Respondents' forthcoming answer to his habeas petition.[1] (Doc. 9 at 1.) Respondents argue that any prejudice to Petitioner at this point is entirely speculative. (*Id.*)

Petitioner replies that prejudice "has not only been wholly demonstrated and fervently implied within [his] Motion but was and remains self-evident for most logical and reasonable minds to recognize." (Doc. 10 at 1.) Petitioner argues that "very distinct prejudice and harm" exists given that he does not have the resources and materials "required to properly disseminate, investigate, study and/or refute Respondent's forthcoming challenges absent the complimentary associated caselaw hard copies." (*Id.*) Petitioner further asserts that prison policies "strictly prohibit librarians, educators, departmental staff, et al., from providing and/or distributing caselaw to prisoners," the only items available to Petitioner are those contained in Department Order 902, and only .005% of the prison library's inventory is devoted to legal resources. (*Id.* at 4.)

## II. Legal Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy

---

[1] Petitioner filed this Motion early in this action, and the Motion was fully briefed before Respondents filed their Answer to the Petition.

never awarded as of right"). Nonetheless, "federal courts must not shrink from their obligation to enforce the constitutional rights of all persons, including prisoners" and must not "allow constitutional violations to continue simply because a remedy would involve intrusion into the realm of prison administration." *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) (citation omitted).

A plaintiff seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20.

Where a plaintiff seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)). Further, under the Prison Litigation Reform Act, injunctive relief must be narrowly drawn and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

A court may issue an injunction against a non-party only where the non-party acts in active concert or participation with an enjoined party. Fed. R. Civ. P. 65(d)(2) (a preliminary injunction only binds those who receive actual notice of it by personal service or are parties, their officers, agents, servants, employees, and attorneys, and persons in active concert); *see Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969).

The Court lacks jurisdiction over claims for injunctive relief that are not related to the claims pleaded in the operative complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction"); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint).

### III.  Discussion

As stated, a court generally does not have authority to issue an injunction for relief on claims not pled in the underlying complaint. But an exception to this rule arises where the injunctive relief sought is related to a prisoner's access to the courts. *See Prince v. Schriro, et al.*, CV 08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009) (where the relief sought relates to a prisoner's access to the court, "a nexus between the preliminary relief and the ultimate relief sought is not required[,]" and the court need not consider the merits of the underlying complaint) (citing *Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990)).

Prisoners have a constitutional right of access to the courts, protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.2 (9th Cir. 2015). This right is limited to direct criminal appeals, habeas petitions, and Section 1983 civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). The constitutional right of access to the courts encompasses a right to litigate without active interference. *See Silva*, 658 F.3d at 1102. To support an active interference claim, a prisoner must allege facts showing that officials' actions hindered the ability to litigate and that, as a result, the prisoner suffered an actual injury. *Id.*; *see Lewis*, 518 U.S. 343, 349 (1996) (to maintain an access-to-the-courts claim, a prisoner must show an "actual injury" resulting from the defendant's actions). Actual injury must be "actual prejudice . . . such as the inability to meet a filing deadline or to

present a claim." *Lewis*, 518 at 348–49; *see Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal") (quoting *Lewis*, 518 U.S. at 353 & n.4). Further, in alleging denial of the right of access to the courts, specificity is required. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).

Petitioner's claim regarding lack of legal caselaw implicates his right of access to the courts such that the Court may consider the Motion. Nevertheless, Petitioner's Motion fails to allege an actual injury. Petitioner has already filed his Petition, in which he articulated the factual and legal basis for his claims. (*See* Doc. 1.) Petitioner does not allege that he has missed a filing deadline or been unable to prepare legal documents due to the lack of caselaw. As such, Petitioner has not satisfied the specificity requirement for supporting an access-to-the-courts claim, and the Court will deny the Motion.

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to Petitioner's Motion for Preliminary Injunction (Doc. 6), and the Motion is **denied**.

Dated this 21st day of July, 2023.

James A. Teilborg
Senior United States District Judge