wo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marzet Farris, III,<br><br>                  Petitioner,<br><br>vs.<br><br>Ryan Thornell, et al.,<br><br>                  Respondents. | No. CV-23-08002-PCT-JAT<br><br>**ORDER** |

Generally, there is a one-year statute of limitations for defendants in state court cases to file a petition for habeas relief in federal court. (Doc. 39 at 5-6 (citing the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")). On October 27, 2023, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Petition in this case be dismissed because it is barred by AEDPA's statute of limitations. On November 17, 2023, this Court issued an Order extending Petitioner's time to file objections to the R&R to January 5, 2024.

On November 20, 2023, Petitioner filed a motion for discovery which he claims he needs to file his objections. (Doc. 42). Respondents oppose discovery. (Doc. 43).

In their answer, Respondents did not raise statute of limitations as a basis to dismiss the Petition. Nonetheless, the R&R addressed it as follows:

> In *Melville v. Shinn*, 68 F.4th 1154, 1160 (9th Cir. May 23, 2023), the Ninth Circuit held that a post-conviction application remains pending until the expiration of time allowed to seek further review, even if such review is not sought. Although the trial court's order was dated October 29, 2020, it

>was not entered by filing until October 30, 2020. (Exh. KK at 1.) Under Ariz. R. Crim. Proc. 32.16(a)(1), Petitioner had 30 days "after the entry of the trial court's final decision" or until November 30, 2020, to file his petition for review with the Arizona Court of Appeals. Under *Melville*, tolling continued at least through that date.
>
>>For purposes of § 2244(d)(1)(A), an application for state collateral review is also "pending" during "the time between a lower state court's decision and the filing of a notice of appeal to a higher state court." *Carey v. Saffold*, 536 U.S. 214, 217 (2002). However, such appeal must be timely. The Arizona courts never explicitly addressed the timeliness of Petitioner's PCR petition for review, but addressed only its merits. But that is not enough to show that the petition was timely. *Evans v. Chavis*, 546 U.S. 189, 197 (2006) ("denying a petition 'on the merits' does not automatically indicate that the petition was timely filed").
>
>>In the absence of a clear indication by the state courts that a particular request for review was timely or untimely, the habeas court must itself determine what the state courts would have held in respect to timeliness. *Evans*, 546 U.S. at 198. Here, Petitioner's petition for review (Exh. LL) was filed December 2, 2020, plainly after the November 30, 2020 deadline.
>
>>For purposes of calculating tolling under § 2244(d), the federal prisoner "mailbox rule" applies. Under this rule, a prisoner's state filings are deemed "filed" for purposes of tolling when they are delivered to prison officials for mailing. *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000). But this does not necessarily render the state filing "timely" for state law purposes. However, the "mailbox rule" applies to determining whether an Arizona prisoner's state filings were timely [because] Arizona has applied the rule to a variety of its state proceedings, including PCR proceedings. [citations omitted].
>
>>Here, however, there is no evidence of record that Petitioner's petition for review was delivered to prison officials for mailing on or before November 30, 2020. Petitioner's petition for review' was signed on November 30, 2020 and its Certificate of Service indicates it was "mailed…via United States Postal Service" on that date (Exh. LL at 21 and Cert. of Service). *Cf. State v. Goracke*, 210 Ariz. 20, 23, 106 P.3d 1035, 1038 (App. 2005) (applying prison mailbox rule where mailing certificate asserted "I have placed this Petition for Review in the institutional mail at Menard Correctional Center").
>
>>Accordingly, the undersigned must conclude that Petitioner's petition for review to the Arizona Court of Appeals was untimely….

(Doc. 39 at 7-9).

- 2 -

This Court's understanding of the statute of limitation issue in this case is that if Petitioner's petition for the review with the Arizona Court of Appeals was timely for purposes of statutory tolling, then his tolling would run until January 24, 2022, making his January 4, 2023, Petition in this case within the one-year statute of limitations. (Doc. 39 at 4). However, if Petitioner's petition for review with the Arizona Court of Appeals was not timely filed, then nothing filed thereafter was properly filed or pending before the Arizona courts. Therefore, the statute of limitations began to run December 1, 2020, and ended November 30, 2021; making the January 4, 2023 petition in this case untimely. (Doc. 39 at 9).

It is undisputed that for the petition for review to have been timely, it had to be "filed" by November 30, 2020. It is undisputed that it was received by the Arizona Court of Appeals on December 2, 2020. It is undisputed that the Arizona courts follow the prison mailbox rule meaning that something going to the court is deemed to be "filed" the day it is handed to the prison officials for mailing. It is undisputed that Petitioner was in prison at the time of mailing. It is undisputed that Petitioner dated his petition for review November 30, 2020. Thus, for the Court of Appeals to receive it by December 2, 2020, it must have been mailed on or before December 2, 2020.

The R&R has concluded that record does not show that Petitioner handed his petition for review to the prison officials for mailing by November 30, 2020. Given the undisputed facts, it would appear the other options are that Petitioner actually handed his petition for review to the prison officials for mailing on December 1, 2020, not the day he said he mailed it in the mailing certificate (November 30, 2020). Or that when Petitioner mailed his petition for review on November 30, 2020, he mailed it directly with the post office, not through the prison. A third possibility would be that the petition for review was mailed and received the same day (December 2, 2020).

To try to "prove" when he mailed his petition for review to the Arizona Court of Appeals, Petitioner has now filed a discovery motion seeking legal mail logs from the prison from October 29, 2020 to December 3, 2020. (Doc. 42 at 2). Respondents oppose

- 3 -

1  the motion because generally discovery is not permitted in habeas cases, and alternatively
2  because the Petition in this case can be denied on the merits.  (Doc. 43).  Notably
3  Respondents did not in their answer, or now, argue the Petition in this case is untimely.

4        Generally, Respondents are correct that discovery is rarely appropriate in habeas
5  cases.  Nonetheless, it seems likely that the Petition is timely even though the record does
6  not definitively establish this fact.  Thus, the Court is hesitant to accept the R&R and
7  dismiss the Petition as untimely.

8        Turning to the evidence of record, the only evidence of when the petition for review
9  was mailed to the Arizona Court of Appeals is the mailing certificate.  The mailing
10 certificate indicates it was mailed on November 30, 2020.  (Exh. LL).  There is no other
11 evidence of record on this issue from which the Court could find an alternative mailing
12 date.  Thus, the Court accepts that the petition for review was mailed on November 30,
13 2020.  Given this finding, the Court will deny Petitioner's November 20, 2023, motion for
14 discovery of the prison legal mail logs (Doc. 42) as unnecessary.

15       The next question is "how" it was mailed.  The options appear to be by giving it to
16 the prison officials for mailing or giving it to the post office directly.  As indicated above,
17 if it was given to the prison officials for mailing, under the prison mailbox rule, November
18 30, 2020, would then also be the "filing" date.  The mailing certificate is silent on this point
19 other that indicating it was mailed via the United States Postal Service.  While the Court is
20 skeptical in the prison context there is a way for the inmate to mail items directly with the
21 post office, the Court will nonetheless require Petitioner to supplement the record and
22 advise the Court of "how" he mailed his petition for review.  *See generally Whalem/Hunt*
23 *v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (allowing the district court to take
24 evidence in determining whether the statute of limitation under AEDPA is expired).  This
25 supplement is due with Petitioner's objection by January 5, 2024.

26       Several other motions are pending: 1) Petitioner's motion to stay the case upon a
27 finding of procedural default (Doc. 17); 2) Petitioner's May 1, 2023 motion for discovery
28 (Doc. 20); Petitioner's motion to expand the record (Doc. 21); Petitioner's motion for

- 4 -

evidentiary hearing (Doc. 22); and Petitioner's motion to supplement the record (Doc. 35). These motions were all filed before the R&R was issued.  The R&R recommends that all these motions be denied by this Court.  (Doc. 39 at 15).

These motions are procedurally improper.  Whatever Petitioner's claims, such claims needed to be addressed in his Petition; and whatever Petitioner's responses to the state's answer, those responses needed to be addressed in the reply.  Collateral motion practice is not the procedurally correct way to attempt to expand the record.  Accordingly, all these motions will be denied.

Based on the foregoing,

**IT IS ORDERED** that the pending motions (Docs. 17, 20, 21, 22, 35, and 42) are denied.

**IT IS FURTHER ORDERED** that Petitioner's supplement and objections to the R&R (Doc. 30) are due by January 5, 2024.

Dated this 5th day of December, 2023.

James A. Teilborg
Senior United States District Judge