wo

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marzet Farris, III,<br>    Petitioner,<br>vs.<br>Ryan Thornell, et al.,<br>    Respondents. | No. CV-23-08002-PCT-JAT<br><br>**ORDER** |

On October 27, 2023, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Petition in this case be dismissed because it is barred by the Anti-Terrorism and Effective Death Penalty Act's statute of limitations.[1] (Doc. 39). On December 5, 2023, this Court issued an Order discussing the statute of limitations issue in this case. (Doc. 44). In that Order, the Court concluded that the date on the mailing certificate of the petition for review Petitioner sent to the Arizona Court of Appeals (November 30, 2020) was the date of mailing. (Doc. 44 at 4). The Court then ordered Petitioner to file a supplement regarding how he mailed his petition for review. (*Id.* at 4-5).

Petitioner has now filed the supplement. (Doc. 45). In the supplement, Petitioner indicated that he mailed his petition for review by delivering it to the prison legal mail/property office for mailing. (Doc. 45). Based on how the Court understands the

---

[1] This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

record (as recounted in the December 5, 2023 Order), Petitioner establishing that he delivered his petition for review to the prison officials would make his petition for review filed on November 30, 2020 by operation of the prison mailbox rule. Further, as the Court stated in the December 5, 2023 Order:

> This Court's understanding of the statute of limitation issue in this case is that if Petitioner's petition for the review with the Arizona Court of Appeals was timely for purposes of statutory tolling, then his tolling would run until January 24, 2022, making his January 4, 2023, Petition in this case within the one-year statute of limitations. (Doc. 39 at 4). However, if Petitioner's petition for review with the Arizona Court of Appeals was not timely filed, then nothing filed thereafter was properly filed or pending before the Arizona courts. Therefore, the statute of limitations began to run December 1, 2020, and ended November 30, 2021; making the January 4, 2023 petition in this case untimely. (Doc. 39 at 9).
> It is undisputed that for the petition for review to have been timely, it had to be "filed" by November 30, 2020.

(Doc. 44 at 3).

Based on the foregoing, the Court finds that the petition for review was filed with the Arizona Court of Appeals on November 30, 2020. Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 39) is rejected.

**IT IS FURTHER ORDERED** that this case is re-referred to Magistrate Judge Metcalf for the preparation of a new Report and Recommendation.

Dated this 23rd day of February, 2024.

James A. Teilborg
Senior United States District Judge