**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marzet Farris, III, | No. CV-23-08002-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"), (Doc. 1), and Petitioner's Motion for Leave to Supplement Objections, (Doc. 58). The Magistrate Judge to whom this case was referred has issued a Report and Recommendation ("R&R"). (Doc. 47). Petitioner filed objections to the R&R. (Doc. 56). Respondents replied. (Doc. 57). Petitioner filed a sur-reply, (Doc. 61), which Respondents moved to strike (Doc. 62).

**I.    Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are

made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

Objections must be specific, not general. *Warling v. Ryan*, No. CV-12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (citing *Thomas*, 474 U.S. at 149) ("[T]he Court has no obligation to review Petitioner's general objections to the R&R"); *Martin v. Ryan*, No. CV-13-00381-PHX-ROS, 2014 WL 5432133, at *2 (D. Ariz. October 24, 2014) ("[W]hen a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it."). "To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection." *Kenniston v. McDonald*, No. CV-15-2724-AJB-BGS, 2019 WL 2579965, at *7 (S.D. Cal. June 24, 2019) (internal citations omitted). "[S]imply repeating arguments made in the petition is not a proper objection." *Curtis v. Shinn*, No. CV-19-04374-PHX-DGC (JZB), 2021 WL 4596465, at *7 (D. Ariz. Oct. 6, 2021).

**II.     Background**

The R&R discusses the relevant factual and procedural background of this case. (Doc. 47 at 1-7). The Court summarizes the background here.

Petitioner and co-Defendant Laura Stelmasek were charged with "first degree murder, conspiracy to commit murder, evidence tampering, and moving a dead body." (Doc. 47 at 2). Petitioner was represented by counsel at a jury trial. (Doc. 47 at 2). At trial, prosecutors introduced testimony from Jennifer Schmidlin, a friend of Petitioner. (Doc. 47 at 2). "Petitioner was convicted as charged, and he was sentenced on April 8, 2015 to consecutive terms of natural life on the murder and life on the conspiracy, and concurrent

terms of 1 and 1.5 years on the other lesser convictions." (Doc. 47 at 2).

Petitioner filed a notice of direct appeal. (Doc. 47 at 3). The Arizona Court of Appeals affirmed his convictions and sentences. (Doc. 47 at 3). The Arizona Supreme Court summarily denied review and "[t]he Arizona Court of Appeals issued its mandate on May 23, 2017." (Doc. 47 at 3). Petitioner then filed a notice of post-conviction relief ("PCR"). (Doc. 47 at 3). Counsel filed a PCR petition. (Doc. 47 at 3). The PCR court "denied on the merits the claims of ineffective assistance of counsel" but subsequently authorized counsel "to file a supplement to the PCR petition with any additional claims." (Doc. 47 at 3). Counsel did so, "but then moved at Petitioner's insistence to strike it so Petitioner could file his own *pro per* supplemental petition with different claims." (Doc. 47 at 3). Petitioner's supplemental petition was denied by the PCR court. (Doc. 47 at 3). Petitioner filed a petition for review. (Doc. 47 at 3). "[T]he Arizona Court of Appeals [] granted review, but summarily denied relief based on absence of an abuse of discretion or error of law." (Doc. 47 at 3-4). The Arizona Supreme Court denied Petitioner's request for review "and the Arizona Court of Appeals issued its mandate on February 23, 2022." (Doc. 47 at 4).

Petitioner then filed this Petition. (Doc. 47 at 4). Petitioner asserts eight general grounds for relief, which have been divided into 25 subclaims.[1] (Doc. 47 at 4). The Court rejected the original R&R, (Doc. 39), based on an "affidavit regarding the prison mailbox rule," (Doc. 46). The current R&R was subsequently issued. (Doc. 47).

### a. Objections: Factual and Procedural Background

Although Petitioner did not reference this section of the R&R, Petitioner makes numerous objections to the R&R "adopting" or "copying" the State's facts.[2] This Court must presume the correctness of the state court's factual findings regarding a petitioner's

---

[1] Respondents divided Petitioner's eight general claims into 25 subclaims. Petitioner did not oppose Respondents' construction and the R&R adopted it. (Doc. 47 at 4). This Court now adopts the same structure.

[2] For example, Petitioner objects that (1) "it is fundamental error for [the R&R] to adopt wholesale the facts, the language and arguments of the State;" (2) the R&R's recommendations "are taken nearly word for word from either the State's reply (Doc. 47) or the Arizona Court of Appeals [] findings;" and (3) the R&R "does not represent a complete or fair examination of the Record." (Doc. 56 at 4-5).

claims. 28 U.S.C. § 2254(e)(1); *see also Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004). Petitioner had "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner did not rebut the presumption. Thus, to the extent that Petitioner does object to the R&R's recitation of the factual and procedural background, or to the R&R elsewhere referencing the state court's factual findings, the objection is overruled.

### III. Objections

Petitioner himself "agree[s] with the Respondents[], that the submitted objections do lack a certain amount of specificity." (Doc. 61 at 2). However, the Court recognizes that Petitioner proceeds *pro se* and will therefore construe Petitioner's filing liberally and address specific objections where possible. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

#### a. Global Objections

Petitioner objects to the entirety of the R&R multiple times. (*See, e.g.*, Doc. 56 at 1 ("[T]he following Memorandum of Points and Authorities ha[s] been developed in support of these objections, to each adverse ruling of the [R&R], and requests that this Court reject the [R&R] in its entirety"); Doc. 56 at 4 ("[Petitioner] objects to each and every adverse ruling of [the R&R]"); Doc. 56 at 6 ("[T]his Court should conduct its own review of all the issues and disregard this [R&R] in its entirety."))). Global objections like these do not obligate the Court to review every word of the 78-page R&R de novo and the Court overrules this objection. *Gwen v. Att'y Gen. of Arizona*, No. CV-20-08327-PCT-JAT, 2022 WL 2168112, at *1 (D. Ariz. June 16, 2022) (finding that general objections do not overcome Ninth Circuit case law "that this Court need only review de novo factual and legal issues to which there is a specific objection"). The Court now turns to Petitioner's other objections.

///
///
///

### b. Objections Within Petitioner's "Standard of Review"[3] Section

#### i. Objections to R&R's analysis of Petitioner's ineffective assistance of counsel and prosecutorial misconduct claims

Petitioner generally objects that the R&R copied "the State's Reply . . . and the Arizona Court of Appeals [] findings" and, "[a]s such, . . . is replete with errors taken from the Reply."[4] (Doc. 56 at 5). Petitioner makes two specific objections related to this general objection. First, Petitioner says that "the [R&R's finding] that trial counsel 'made the tactical, strategic decision not to offer expert testimony' . . . overlooks the facts developed by the PCR Record . . . as well as in the habeas brief and Reply." (Doc. 56 at 5). Petitioner concludes that "trial counsel's decisions were neither reasonable nor strategic" because "counsel failed to investigate the facts of the case or conduct proper due diligence in defense of Petitioner." (Doc. 56 at 5).

Upon review, the Court is unclear which part of the R&R Petitioner objects to because the quoted portion provided by Petitioner does not appear to be from the R&R. Nonetheless, the Court will construe Petitioner's objection to be with respect to the R&R's analysis of Petitioner's ineffective assistance of counsel claim related to counsel's failure to retain expert witnesses (Ground Four(a)). The R&R finds Petitioner's Ground 4(a) claim procedurally defaulted because Petitioner did not present the claim to the Arizona Court of Appeals. (Doc. 47 at 21-24). The R&R explains that although "Petitioner did reference this claim in his PCR Petition for Review," it was underneath the heading "Issues of Superior Court *Not Presented For Review*." (Doc. 47 at 22 (emphasis added)). "[T]he plain import of Petitioner's Petition for Review was that he was NOT raising the claims identified [underneath that heading]." (Doc. 47 at 22) Thus, regardless of whether trial counsel's decision regarding experts was tactical or strategic, this claim fails because it is procedurally defaulted without excuse. This conclusion is based on a review of the entire record. This objection is overruled, without excuse.

---

[3] The Court will use the standard of review it stated above.
[4] The Court is unclear what Petitioner means by "the Reply" because Petitioner uses "the Reply" to cite to different documents, including the R&R itself. (*see generally* Doc. 56 at 5).

- 5 -

The second objection Petitioner makes is to the R&R "finding the facts from only one sides['] papers" such as when "the [R&R] states Schmidlin's testimony to have been an issue of credibility for the resolve of the jury." (Doc. 56 at 5). Petitioner cites page 48, lines five through nine of the R&R. (Doc. 56 at 5). There, the R&R recites the "essential elements" of prosecutorial misconduct, as laid out by the state: "The state noted the essential elements of such a claim are misconduct and prejudice (considered cumulatively), and that the relevant form of misconduct was presenting testimony the prosecutor knew to be false, and that short of such knowledge, credibility was for the jury to decide." (Doc. 47 at 48). These elements go toward Petitioner's Ground 1(b) claim, in which "Petitioner argues the prosecution engaged in misconduct when it offered false testimony from Petitioner's friend, Schmidlin." (Doc. 47 at 45).

Petitioner's objection to this specific portion of the R&R is overruled; the R&R correctly states the "essential elements" of a prosecutorial misconduct claim. However, the Court understands Petitioner to actually be objecting to the R&R because Petitioner believes that by categorizing Schmidlin's testimony as "an issue of credibility for the resolve of the trial jury," the R&R "omits the fact that Petitioner argued Schmidlin's credibility could not have been properly before the trial jury absent [Schmidlin's] pretrial interview statements." (Doc. 56 at 5). On this point, the Court presumes the correctness of the Arizona Court of Appeals findings regarding Schmidlin's pretrial interview and trial testimony:

> [Petitioner] testified that he and [Schmidlin] were "good friends," and that he had confided in her about his relationship with [co-Defendant] Stelmasek. [Petitioner] also conceded that [Schmidlin] was reluctant to testify against him. Although [Schmidlin] had stated in pretrial interviews that [Petitioner] had twice assaulted her in 2005, that allegation was not necessarily inconsistent with their ongoing relationship/friendship, as related by both [Petitioner] and the friend during their trial testimony. Moreover, although [Petitioner] testified that the friend lied when saying that she did not know the plane ticket was for a trip to Arizona, the superior court later noted—and both the prosecutor and defense counsel agreed—that [Schmidlin] "did an artful job of dancing around any possibility of perjured testimony," at least with respect to whether she knew the plane ticket was for a trip to Arizona. Finally, [Petitioner] fails to cite any evidence supporting his claim that the 2005 allegations were false or that [Schmidlin] lied repeatedly during the

investigation and pretrial discovery.

(Doc. 47 at 47 (quoting Arizona Court of Appeals decision)). Based on these findings, the Court agrees that Schmidlin's credibility was a jury question. Regardless, because Petitioner has not explained why these findings are contrary to, or involved an unreasonable application of, clearly established Federal law" or were based on an unreasonable determination of the facts, this objection is overruled.[5] *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

Petitioner also objects to the R&R's dismissal of his prosecutorial misconduct claim because "the State never once offered Schmidlin's testimony to be true or factual." (Doc. 56 at 5). This objection still fails. So long as the prosecutor did not have actual knowledge that the testimony was false, "the prosecutor [was] not precluded from presenting the testimony and leaving it to the jury to determine the credibility of the testimony in light of the conflicting or impeaching evidence." (Doc. 47 at 53). The R&R cites numerous cases in support of this. (Doc. 47 at 53). This objection is overruled.

### ii. Objection to R&R's review of Petitioner's constitutional claims

Petitioner objects that the R&R "fails to address any of the constitutional claims of the Petition [and] dismiss[es] wholesale the merits of constitutionality as proffered." (Doc. 56 at 6). Petitioner cites numerous United States Supreme Courts cases and argues that the "holdings prescribe that habeas relief is available to this Petitioner as a just challenge owing to several constitutional infringements . . . properly presented to this Court." (Doc. 56 at 6).

The R&R clearly addresses all of Petitioner's constitutional claims and explains why its decisions are in-line with United States Supreme Court precedent. To the extent that this is a specific objection, it is overruled.

---

[5] To support this objection, Petitioner cites *United States v. Owens*, 484 U.S. 554 (1988). (Doc. 56 at 5). The Court notes that *Owens* is factually distinct from Petitioner's case; in *Owens*, the Court considered "whether either the Confrontation Clause of the Sixth Amendment or Rule 802 of the Federal Rules of Evidence bars testimony concerning a prior, out-of-court identification when the identifying witness is unable, because of memory loss, to explain the basis for the identification." 484 U.S. at 555-56. This case does not involve an evidentiary question of a prior, out-of-court identification.

### iii. Objection to the evidence R&R relies on

Petitioner objects to the R&R on the basis that his "evidentiary requests and offerings have simply been ignored, denied, rejected, summarily dismissed or suppressed by [the R&R], in favor of the offerings of the Respondents without so much as a qualified legal explanation of reasoning." (Doc. 56 at 7). Petitioner cites footnote 1 of the R&R. (Doc. 56 at 7). That footnote explains: "Petitioner appends to his Petition various transcripts . . . and various decisions and orders in the state courts. These records have [also] been provided with the [a]nswer. The undersigned provides citations to only the copies of these exhibits provided with the [a]nswer." (Doc. 47 at 2 n.1 (internal citation omitted)). This footnote explains why the R&R "makes absolutely no mention or citation to any of the twenty plus evidentiary exhibits presented by the Petition." (Doc. 56 at 7). The R&R cites to evidence that was provided by *both* Petitioner and Respondents, but the R&R cites only to the exhibit from the Respondents' answer. The evidence is the same. Thus, the R&R considered, and cited to, Petitioner's evidence and there is no basis for this objection.

### c. Objections Within Petitioner's "Objections to Report" Section

### i. Objection One: R&R "Concedes Misconduct of State"

The objections in this section relate "to the Petitioner's claims for prosecutorial misconduct and its associative claims of impropriety directly tied to [the misconduct]." (Doc. 56 at 8). Petitioner objects that the R&R "readily acknowledged that the State of Arizona unlawfully violated [Petitioner's] 14th Amendment Due Process rights[] during his jury trial" and therefore "qualif[ied] Petitioner's claim for prosecutorial misconduct to be of merit." (Doc. 56 at 8). Petitioner cites page 46, lines 1-2 of the R&R. (Doc. 56 at 8). There, the R&R states: "Respondents further argue that Petitioner in any event fails to show prejudice from *the misconduct*, . . . ." (Doc. 47 at 46 (emphasis added)).

The R&R does not use the phrase "the misconduct" to mean that there was misconduct in this case. Rather, the R&R is paraphrasing Respondents' argument that "[e]ven assuming, arguendo" that Petitioner could demonstrate prosecutorial misconduct,

1  "he is still not entitled to relief because he cannot demonstrate he suffered any prejudice."
2  (Doc. 11 at 45). In other words, to complete their argument, Respondents "assumed" the
3  existence of prosecutorial misconduct. However, Respondents did not concede any type of
4  prosecutorial misconduct. The R&R repeating Respondents' argument cannot be construed
5  to mean that the R&R "acknowledged," "qualified," or "validated" the existence of
6  misconduct. This objection is overruled.

7  Petitioner also objects to the R&R's finding "that the prejudice clause remains
8  unsatisfied and deficient to warrant either de novo review or relief." (Doc. 56 at 8).
9  Petitioner includes quotes from pages 48-50 of the R&R.[6] Although Petitioner suggests
10 that this objection affects Grounds One, Two, Three, and Five, the quoted portions are all
11 from the part of the R&R that analyzes Petitioner's Ground 1(b) claim for prosecutorial
12 misconduct related to Schmidlin's testimony. Thus, this Court will analyze this objection
13 as Petitioner specifically objecting to the R&R's finding regarding the "prejudice clause"
14 in Ground 1(b).

15 As set out by the Arizona Court of Appeals, courts "consider alleged instances of
16 misconduct cumulatively to determine whether the misconduct became 'so pronounced and
17 persistent that it permeate[d] the entire atmosphere of the trial,' thereby resulting in a denial
18 of due process." (Doc. 47 at 47 (Arizona Court of Appeals quoting *State v. Morris*, 215
19 Ariz. 324, 335, ¶ 46 (2007) (citation omitted))). Petitioner claims that "throughout the state
20 appellate process . . . and within Petitioner's habeas briefings," Petitioner sufficiently
21 showed that "prejudice attached to [the prosecutorial] misconduct" and that it affected
22 Petitioner's trial. (Doc. 56 at 8). Petitioner says the R&R did not "elaborate[e] upon the
23 specific details of the effectual prejudice . . . as distinguished by Petitioner's briefings."
24 (Doc. 56 at 8-9).

---

[6] Petitioner provided the following quotes from the R&R (Doc. 47) in his objections (Doc. 56 at 8):
- ". . . Petitioner failed to show prejudice." (Doc. 47 at 48).
- "But Petitioner proffers <u>nothing</u> to prove. . . ." (Doc. 47 at 50 (emphasis added by Petitioner))
- "Petitioner complains. . ." (Doc. 47 at 49, 50).
- "Petitioner tellingly complains. . ." (Doc. 47 at 50).

- 9 -

Petitioner's objection is misplaced. For this Court to find relief for Petitioner, the Court must first find that there was prosecutorial misconduct. If "misconduct has not been shown, there is no 'error' from which the 'effect' may be accumulated to show prejudice." (Doc. 47 at 48 (quoting *United States v. Geston*, 299 F.3d 1130, 1138 (9th Cir. 2002))). As discussed above, Petitioner has not made a sufficient objection to the R&R's conclusion that there was no prosecutorial misconduct. In other words, prejudice is irrelevant because the R&R's conclusion that there was no prosecutorial misconduct stands. Additionally, the Court finds that the R&R sufficiently "elaborates upon" Petitioner's theory of prejudice. (*See* Doc. 56 at 45-46). This objection is overruled.

### ii. Objection Two: R&R's "Unreliability Exemplifies its Abject Bias and Prejudice"

Petitioner does not cite to the R&R in this section and does not make any specific objections for the Court to consider.[7]

### iii. Objection Three: R&R "Misinforms [and] Misleads Regarding Petitioner's Failure to Rebut Judgments of the Lower Courts"

Petitioner objects to the "findings and recommendations of [Section] VI (1 – 6)" because that part of the R&R "erroneously inform[s] and advise[s]" this Court that Petitioner "failed to demonstrate the Lower Courts['] decisions [were] meritless and/or unreasonable." (Doc. 56 at 10). Petitioner also "informs" the Court "that every elemental issue of argument presented to this Court has been previously proffered, addressed and [disseminated]." (Doc. 56 at 10).

Objecting to a large portion of the R&R on the basis that it is "erroneous," without demonstrating why, is not a specific objection. Similarly, "informing" the Court of something is not an objection at all. Thus, there is no specific objection in this section for the Court to consider.

///

---

[7] Petitioner's objection "to the entirety of [the R&R]" is a general objection that the Court will not address. (Doc. 56 at 9). Similarly, Petitioner's objection that the R&R "neither presents nor represents a complete, accurate, clear or fair depiction of either the primacy of the claims of this Petition or in its analysis of the Record" is a general objection that the Court will not address. (Doc. 56 at 9-10).

### iv. Objection Four: R&R "Misinforms This Court Regarding State's Factual Knowledge and Schmidlin's Credibility"

Petitioner objects to the R&R's conclusion that Petitioner "fail[ed] to show or proffer the essential elements of misconduct and prejudice" because the R&R did not consider "the material facts tied to [the] prosecutor's improper closing arguments." (Doc. 56 at 10).

The Court finds that the R&R *does* consider the material facts surrounding the prosecutor's closing argument in its analysis of Petitioner's Ground 1(a) and 1(c) claims. The R&R thoroughly explains why these claims fail.[8] (Doc. 47 at 18-19; Doc. 47 at 54-55). This objection is hereby overruled.

### v. Objection Five: "Claims of Merit" in R&R Section VI(c)(1 – 6)

Petitioner "fervently objects to [the R&R's] adverse recommendations regarding" the State's misconduct, ineffective assistance of counsel, and abuse of judicial discretion. (Doc. 56 at 11). Petitioner notes that he "stands firmly by the foundational merits of the aforementioned claims, as put forth . . . within the Petition, the Response[,] and those compl[e]mentary briefs of the Record produced for the State appellates." (Doc. 56 at 11).

However, Petitioner does not offer any specific reason, aside from those raised in other objections, that the R&R's recommendations are wrong. Petitioner's prior filings, alone, may not form a basis for an objection. *DeMocker v. Shinn*, No. CV-22-08203-PCT-JAT, 2024 WL 3466483, at *3 (D. Ariz. July 19, 2024) (finding objection in which petitioner "merely incorporat[ed] his prior arguments [] insufficient to trigger de novo review."). Thus, this is not a specific objection that the Court can consider.

### IV. Petitioner's Sur-Reply

Petitioner filed a reply to Respondents' reply to Petitioner's objections. (Doc. 61). However, a reply to the reply is not permitted under the Rules. *See* Fed. R. Civ. P. 7,

---

[8] The R&R also discusses the prosecutor's closing argument in its analysis of other claims, e.g., in his Ground 5(a) claim regarding the trial court's failure to declare a mistrial. However, since Petitioner made this objection in reference to "misconduct and prejudice," the Court only addresses this objection with respect to Petitioner's Ground 1 subclaims for prosecutorial misconduct.

- 11 -

72(b)(2); LRCiv. P. 7.2. Respondents moved to strike Petitioner's reply because it is any impermissible sur-reply. (Doc. 62). While Respondents are correct that procedurally a sur-reply is not permitted, the Court nonetheless considered the sur-reply and finds that it does not change the outcome of this case. As a result, the motion to strike will be denied.

### V.     Petitioner's Motion for Leave to Supplement Objections

Petitioner asks the Court for leave to supplement his objections. (Doc. 58). Respondents responded to the motion. (Doc. 59). Petitioner replied. (Doc. 61).

In his objections, Petitioner noted that "due to environmental conditions of his confinement, . . . [he was] only [] able to complete six (6) of the fifteen (15) claims of objection he ha[d] drafted for this Court's analysis." (Doc. 56 at 14). In the pending motion for leave, Petitioner explains that the facility he is incarcerated in was "abrubt[ly] lock[ed]-down . . . for approximately thirty-six hours, beginning shortly before 8 a.m. Wednesday morning, December 4, 2024." (Doc. 58 at 2). Because of the lock-down, Petitioner "had less than six hours to hand write, condense, and reorganize" his objections. (Doc. 58 at 2).

The R&R was issued on June 20, 2024. (Doc. 47). This Court granted Petitioner's first motion for extension of time and gave Petitioner until October 3, 2024 to file his objections. (Doc. 49). In that order, the Court noted that the extension of time was significant and Petitioner should not anticipate further extensions. (Doc. 49 at 1). Nonetheless, the Court granted Petitioner's second motion for an additional extension and gave Petitioner until November 20, 2024 to object to the R&R. (Doc. 53). In that order, the Court again noted that Petitioner had already been granted a significant extension of time to file objections and that with this extension, Petitioner would have five months to file his objections. (Doc. 53 at 1). Petitioner then filed a third motion for extension of time to file objections. (Doc. 54). The Court granted Petitioner one last extension and set a final deadline of December 4, 2024. (Doc. 55).

Petitioner was granted three separate time extensions. He had from June 20, 2024 to December 4, 2024 to work on his objections. As such, the Court is unpersuaded that a 36-hour lockdown beginning *on the morning of the day that Petitioner's objections were*

1  *due* is cause to grant Petitioner leave to file a supplement to his objections. Petitioner's
2  motion is denied.

### VI. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Motion to Strike (Doc. 62) the sur-reply (Doc. 61) is denied. The Motion to Deny the Motion to Strike (Doc. 63) is deemed to be a response to the Motion to Strike and denied as procedurally improper.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Supplement Objections (Doc. 58) is denied.

**IT IS FURTHER ORDERED** that the Report & Recommendation (Doc. 47) is accepted and adopted; the objections (Doc. 56) are overruled. The Petition in this case is denied with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied. Denial of this Petition is based in part on the merits and in part on procedural grounds. Reasonable jurists would not find the Court's assessment of Petitioner's constitutional claims on the merits debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Similarly, jurists of reason would not find this Court's procedural ruling debatable. *Id.*

Dated this 14th day of January, 2025.

James A. Teilborg
Senior United States District Judge