WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marzet Farris, III,<br><br>   Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>   Respondents. | No. CV-23-08002-PCT-JAT<br><br>**ORDER** |

Pending before the Court are (1) Petitioner's "motion to amend (or make additional) findings," (Doc. 67), and (2) Petitioner's "motion for a new trial," (Doc. 68). For the following reasons, the Court will deny both motions.

## I.     BACKGROUND

Petitioner filed a Petition for Writ of Habeas Corpus in January 2023. (Doc. 1). The Magistrate Judge to whom this case was referred issued a Report and Recommendation ("R&R"). (Doc. 47). Petitioner filed objections to the R&R, (Doc. 56), as well as a motion for leave to supplement objections, (Doc. 58). This Court accepted and adopted the R&R on January 14, 2025. (Doc. 65). The Court denied Petitioner's Petition with prejudice and denied Petitioner's motion for leave to supplement objections. (Doc. 65 at 13). The Court did not grant a certificate of appealability. (Doc. 65 at 13). Petitioner then filed the pending motions. (Docs. 67, 68).

## II.    MOTION TO AMEND

Petitioner brings his "motion to amend" under Federal Rules of Civil Procedure

52(b) and 59(e).[1] Petitioner's reliance on Federal Rule of Civil Procedure 52(b) is misplaced because Rule 52 applies to bench trials and there was no bench trial in this case.[2] Thus, the Court will analyze Petitioner's motion under Rule 59(e), which applies because this Court entered a final judgment in this case. (*See* Doc. 65).

Rule 59(e) "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (citation omitted). "A Rule 59 motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (quoting *McDowell*, 197 F.3d at 1255).

### a. Timeliness

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, the Court entered judgment on January 14, 2025. (Doc. 65). The Court received Petitioner's motion to amend on February 11, 2025, exactly 28 days later. (Doc. 67). Petitioner's motion is therefore timely and the analysis may continue.

### b. Newly Discovered Evidence

"To justify relief based on newly discovered evidence, the moving party must 'show that the evidence was *discovered after the judgment*, that the evidence could not be discovered earlier through due diligence, and that the newly discovered evidence is of such a magnitude that had the court known of it earlier, the outcome would likely have been different.'" *Kocharov v. JPMorgan Chase Bank, N.A.*, No. CV-21-02220-PHX-DGC, 2024 WL 942096, at *2 (D. Ariz. Mar. 5, 2024) (quoting *Dixon v. Wallowa Cnty.*, 336 F.3d 1013, 1022 (9th Cir. 2003)) (emphasis added). Here, because Petitioner does not present any evidence that was discovered after the Court entered judgment, Petitioner is not entitled

---

[1] Petitioner also references Federal Rule of Civil Procedure 7(b)(1)(B), which provides that Petitioner's motion must "state with particularity the grounds for seeking the order." The Court agrees and reads Petitioner's motion with Rule 7 in mind. The same is true for Petitioner's motion for a new trial.

[2] The same is true for Petitioner's motion for a new trial.

to relief on this basis.

### c. Clear Error

To justify relief based on clear error, Petitioner must "demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based." *McDowell*, 197 F.3d at 1255 n.1 (citation omitted).

Petitioner first argues that the Court erred in denying a certificate of appealability. (Doc. 67 at 2). The Court re-reviewed the decision and concludes there was no manifest error of law or fact in denying a certificate of appealability. Petitioner next argues that the Court erred in denying Petitioner's motion for leave to supplement objections, (Doc. 58). (Doc. 67 at 5). Upon review, the Court again notes that it granted three separate time extensions, giving Petitioner nearly six months to work on his objections, and was explicit in setting a final deadline. (Doc. 65 at 12-13). The Court therefore finds no manifest error of law or fact in its decision to deny Petitioner's motion for leave to supplement objections.

Petitioner finally argues the Court erred in adopting the R&R because the R&R presumed the Arizona Court of Appeals' findings were correct and therein accepted Jennifer Schmidlin's testimony. (Doc. 67 at 4). These arguments mirror the arguments Petitioner previously made in his objections, (Doc. 56 at 4-5), which were thoroughly addressed by the Court, (*See generally* Doc. 65). However, Petitioner "must show more than a disagreement with the Court's decision, and [repetition] of the cases and arguments [already] considered by the [C]ourt before rendering its original decision fails to carry [Petitioner's] burden." *Rodriguez v. Comm'r of Soc. Sec. Admin.*, No. CV-21-00291-TUC-DCB, 2022 WL 16793399, at *2 (D. Ariz. Nov. 8, 2022) (citation omitted). Merely restating Petitioner's own view of the record is not sufficient to show clear error.

### d. Intervening Change in Controlling Law

Petitioner does not allege that there has been an intervening change in the controlling law.

### e. Conclusion

Based on the foregoing, Petitioner has failed to demonstrate that he is entitled to

Rule 59(e) relief and his motion to alter or amend the Court's judgment is denied.

### III.     MOTION FOR NEW TRIAL

Petitioner invokes Federal Rule of Civil Procedure 59(a) in his "motion for a new trial."[3] (Doc. 68 at 1). "Because there has been no trial in this matter, a Rule 59(a) motion for new trial is inappropriate. The essence of the relief sought by Petitioner is reconsideration under Rule 59(e); thus, the Court construes Petitioner's 'motion for a new trial' as a motion to alter or amend the judgment." *Beaty v. Schriro*, No. CV-92-2076-PHX-SRB, 2005 WL 8149241, at *1 (D. Ariz. Nov. 2, 2005). The Court laid out the standard for a motion to alter or amend the judgment under Rule 59(e) above.

Petitioner again argues that the Court committed clear error by denying Petitioner's motion to supplement objections. (Doc. 68 at 2-5). Petitioner repeats arguments he made in his motion to supplement but does not present new evidence or new arguments. For the reasons already stated, the Court does not find clear error on this basis.

Petitioner next makes various arguments regarding Jennifer Schmidlin's testimony. He does not allege newly discovered evidence or an intervening change in the law, but rather argues that the Court committed clear error in adopting the portion of the R&R that explained that although Schmidlin's trial testimony could be seen as contradictory, Petitioner "fail[ed] to show that the Arizona Court of Appeals committed remedial error." (Doc. 47 at 54). The Court reviewed the issue of Schmidlin's testimony in its prior Order, (Doc. 65), and again points to the Arizona Court of Appeals' conclusion: because Petitioner cannot show that Schmidlin's trial testimony was false, Schmidlin's credibility was therefore a jury question. (Doc. 65 at 6-7). The Court finds no clear error in its analysis.

Petitioner also argues that the Court committed clear error specifically by adopting the portion of the R&R that states: "Frankly, the prosecutor often has no means to 'know' what is actually true or false." (Doc. 68 at 5). This is not clear error. As the R&R explained,

---

[3] Petitioner includes a single, general reference to Federal Rule of Civil Procedure 60. (Doc. 68 at 1). However, because Petitioner seeks an order that would give Petitioner a new trial and otherwise makes arguments under Rule 59, the Court will construe Plaintiff's motion as having been brought pursuant to Rule 59 only. This conclusion is bolstered by the fact that Rule 60(b) has discrete subparts, each with its own requirements, and Petitioner does not cite or argue any subpart.

a reasonable prosecutor could have believed that Schmidlin, in her interview, testified to "bad blood and duress" between her and Petitioner for "self-serving" reasons, while also believing that Schmidlin's "testimonial admission of friendship and goodwill" was credible, "particularly given evidence showing the long term, daily and confidential contact" between Petitioner and Schmidlin. (Doc. 47 at 52). The R&R cited numerous cases that stand for the proposition that a "prosecutor is not precluded from presenting the testimony and leaving it to the jury to determine the credibility of the testimony in light of the conflicting or impeaching evidence." (Doc. 47 at 53). The Court cannot "supplant its own credibility determinations for those of the jury." (Doc. 47 at 52). Petitioner has not established that he is entitled to Rule 59(e) relief and his motion for a new trial is denied.

### IV.   CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Petitioner's motion to amend, (Doc. 67), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for a new trial, (Doc. 68), is **DENIED**.

**IT IS FINALLY ORDERED** that that a certificate of appealability is **DENIED**.[4]

Dated this 21st day of March, 2025.

*James A. Teilborg*
Senior United States District Judge

---

[4] "To the extent [*United States v. Winkles*, 795 F.3d 1134 (9th Cir. 2015)] applies to a Rule 59(e) motion to alter or amend judgment arising out of the dismissal of a § 2254 petition, the Court finds that Petitioner is not entitled to a certificate of appealability because jurists of reason would not find it debatable whether the Court abused its discretion in denying the Rule 59(e) motion." *Richardson v. Frazier*, No. 22-CV-1447 TWR (AHG), 2023 WL 2977295, at *2 (S.D. Cal. Apr. 17, 2023).